IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**HENRY MARK HOLZER,**

      Plaintiff,

v.                                                  No.  CIV-00-0323 LH/RLP

**CHICAGO INSURANCE COMPANY,**

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court *sua sponte*. For the reasons outlined below, I conclude that I lack subject matter jurisdiction and must remand this case back to the First Judicial Court, County of Santa Fe, State of New Mexico.

**I.    Background**

Plaintiff's Complaint for Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, Tort of Bad Faith, Violations of the Unfair Practices Act, Violations of the Unfair Insurance Practices Act, and Punitive Damages was originally filed in the First Judicial District Court, County of Santa Fe, State of New Mexico, on February 3, 2000.

Pursuant to N.M. Stat. Ann. § 59A-5-32 (Michie 1978), a summons and complaint were served upon the Superintendent of Insurance, a compulsory agent of the Defendant, on February 7, 2000. On March 2, 2000, the Defendant timely filed a Notice of Removal pursuant to 28 U.S.C. § 1441 (Docket No.1).

**II. Legal Standard**

Defendant states that this Court has jurisdiction over this case pursuant to 28 U.S.C. § 1332.  According to 28 U.S.C. § 1332(a), in order for a federal court to have diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, excluding interest and costs, and must be between citizens of different states.  Although the parties meet the latter qualification, it is the former that is construed much more strictly and is problematic in this case.

The Tenth Circuit in *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) held that the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal.  The Court went on to hold that the party requesting removal must, in the notice of removal itself, set forth the underlying facts supporting the assertion that the minimum-amount-in-controversy requirement has been met.  *See Barber v. Albertsons, Inc.*, 935 F. Supp. 1188, 1192 (N.D. Okl. 1996) (interpreting *Laughlin* to impose such a hurdle).   To decide whether Defendant met its burden, it is first necessary to examine Plaintiff's state-court complaint to determine whether, on its face, it establishes that the amount in controversy is greater than $75,000.  *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (court can determine in first instance that removal was proper if it is facially apparent from complaint that plaintiff's claims exceed the jurisdictional minimum).

**III.  Discussion**

The complaint in this matter alleges that Mr. Holzer is an attorney and has legal malpractice insurance with Defendant Chicago Insurance Company ("CIC").  As I read it, all five

counts of the state-court complaint are brought strictly due to the refusal by CIC to defend Mr. Holzer in an underlying lawsuit, pursuant to his legal malpractice policy.  I do not read this complaint as being brought pursuant to any duty of CIC to indemnify.  In a nutshell, the state-court complaint alleges that Mr. Holzer has been sued in another lawsuit that arose from professional legal services that Mr. Holzer rendered for Timothy Trout; that CIC is refusing to defend Mr. Holzer;  that the underlying lawsuit alleged that Mr. Holzer masterminded a conspiracy to extort $360,000,000 from the plaintiff in that action.

Damages sought in the complaint currently before me are unspecified and vague.  Each of the five counts seek damages for costs and attorneys fees related to Mr. Holzer's defense.  Based on the face of this complaint, it is impossible to determine whether or not these costs and fees will amount to the requisite amount of $75,000.  Further, each count seeks damages for payment for any "judgment or good faith settlement entered into with the plaintiffs in the [underlying lawsuit] and damages for any other economic harm or mental distress" and punitive damages.

Although the stated potential liability in the underlying action is extremely large ($360,000,000), I conclude that is irrelevant to the amount in controversy in the case currently before me, because this is not a coverage action.  In the immediate complaint, Plaintiff does not seek a finding of coverage or indemnification, but rather a finding of a duty of CIC to defend.  An insured is obligated to defend an insured if the injured party's complaint states facts that bring the case within the coverage of the policy.  *Bernalillo County Deputy Sheriffs Ass'n v. County of Bernalillo*, 114 N.M. 695 (1992)(*citation omitted*).  Even if the immediate complaint states facts that bring the case within the coverage of the policy, that does not mean that the Mr. Holzer would recover anything in the immediate action except his defense costs.  These costs are not quantified in this complaint.

The "duty to defend" is a contractual obligation, and an insured is entitled to compensatory damages for an insurer's breach of its defense obligations. This would not extend in this case to the cost of judgment or good faith settlement entered into with Plaintiff in the underlying lawsuit.

The complaint is general and vague concerning the damages sought. The requisite amount in controversy of $75,000 is not affirmatively established on the face of the complaint. In fact, nowhere in the complaint has Plaintiff quantified the amount of damages sought. None of the allegations relating to Defendant's alleged failure to defend and the damages caused by the failure to defend is sufficient to establish that the amount in controversy is greater than $75,000.

Given the inadequacy of allegations in the complaint, it was incumbent on Defendant to set forth facts, in the notice of removal itself, showing that the amount in controversy has been met. *See Barber* at 1190. The Court has examined both the original notice of removal and the proposed amended notice of removal. These pleadings both assert that the statutory minimum of $75,000 has been satisfied and cite three "facts" in support of this assertion:

> a) This case is related to Trout Trading Management Co. Ltd., et al. v. Trout, et al., Cause No. CV 99-1330 JC. The amount in controversy in this underlying action exceeds seventy-five thousand dollars ($75,000.00).
>
> b) CIC issued a policy to the insured that has a face value of one million dollars. Subject to this dispute, this policy may provide coverage to the insured.
>
> c) CIC tendered and provided a defense under the policy to the insured.

These "facts" are obviously directly related to the allegations of the complaint. As stated above, I have concluded that the complaint is not dispositive as to the amount in controversy. Furthermore, the fact that the underlying lawsuit is worth more than $75,000 tells the Court nothing about the amount of damages caused by the alleged failure to defend in this lawsuit. Consequently, I must conclude that this notice is facially inadequate under the strict requirements of the Tenth Circuit in the *Laughlin* case.

Accordingly, because Defendant's notice of removal fails to set forth the underlying facts to support the assertion that the amount-in-controversy exceeds $75,000, I conclude that I lack subject matter jurisdiction over this action. The Tenth Circuit maintains that there is a presumption against removal jurisdiction. *See Laughlin* at 873.  Pursuant to the foregoing, the Court finds that the Defendant has not overcome that presumption in this case.  Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this Court.  That section provides that if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  Thus, remand is appropriate in this instance.

**IT IS THEREFORE ORDERED** that this case is remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico.

_____
**UNITED STATES DISTRICT JUDGE**

5